IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY STEPHENS,<br><br>        Plaintiff,<br><br>v.<br><br>BMAG MANAGEMENT COMPANY LLC,<br><br>        Defendant. | Case No. CIV-20-00306-JD |

## ORDER

On April 30, 2021, the Court held a hearing on its order directing Plaintiff's counsel, Rachelle Forrow, to show cause why she should not be held in civil contempt or otherwise sanctioned due to her failure to timely submit a settlement conference statement, in violation of Magistrate Judge Amanda Maxfield Green's Settlement Conference Order (the "Order") and LCvR16.2(d). [Doc. Nos. 47, 58]. The Court determined at the hearing that Ms. Forrow would not be held in civil contempt but took the matter of sanctions under advisement. [Doc. No. 58]. After the hearing, Defendant BMAG Management Company, LLC ("BMAG") submitted supplemental documentation of expenses incurred because of Ms. Forrow's conduct [Doc. No. 69], and Ms. Forrow filed a response [Doc. No. 72]. Upon consideration of the parties' filings and the arguments of counsel at the hearing on April 30, 2021, the Court makes the following findings and imposes sanctions against Ms. Forrow as set forth below.

**I.     BACKGROUND**

On January 15, 2021, the Court entered an order under LCvR16.2(a) referring this matter to Magistrate Judge Suzanne Mitchell for the purpose of conducting a judicial settlement conference. [Doc. No. 36]. Judge Mitchell set the case for settlement conference on March 19, 2021. [Doc. No. 37]. After BMAG contacted Judge Mitchell's chambers to inquire whether the settlement conference could be rescheduled for a different date, Magistrate Judge Amanda Maxfield Green sua sponte entered an order striking the settlement conference [Doc. No. 38]. Judge Green then entered the Order [Doc. No. 39], resetting the conference for March 8, 2021.

The Order [Doc. No. 39] directed the parties to submit required settlement conference statements to Judge Green no later than 5:00 p.m. on March 1, 2021. The Order advised: "Strict compliance with LCvR16.2 is required." Order at 1. The Order further stated: "The settlement conference statements, required under LCvR16.2(d), are due no later than March 1, 2021, at 5:00 p.m. These statements must be served in compliance with the local civil rule." *Id.* at 2. The Order echoes LCvR16.2(d), which requires a party to submit a settlement conference statement to the assigned settlement judge and serve counsel for all other parties or as otherwise ordered by the judge. Consistent with LCvR16.2(g), the Order also advised that any request for relief from the requirements of LCvR16.2 or from the Order shall be directed at the settlement judge. Order at 3.

On March 5, 2021, Judge Green entered an order striking the settlement conference. [Doc. No. 42]. Judge Green then entered a Certification of Facts Constituting

Contempt and Recommendation for Proceedings ("Certification") [Doc. No. 46] under 28 U.S.C. § 636(e)(6)(B). Judge Green certified that Plaintiff's counsel, Rachelle Forrow, failed to submit a settlement conference statement on behalf of Plaintiff by the deadline established in the Order, failed to provide an explanation for her noncompliance after Judge Green contacted her, and still had not complied with the Order as of the date of the Certification.

Upon review of the Certification, the Court ordered Ms. Forrow to appear in person before the Court on Friday, April 9, 2021, at 10:00 a.m. and show cause why she should not be held in civil contempt or otherwise sanctioned under Federal Rule of Civil Procedure 16(f) and LCvR16.2(h) by reason of the facts certified by Judge Green. [Doc. No. 47]. Ms. Forrow and counsel for BMAG appeared before the Court on April 9, 2021. Upon Ms. Forrow's request that she be allowed to retain counsel to represent her for the contempt proceeding, the Court continued the hearing until April 30, 2021. [Doc. No. 48].

Ms. Forrow submitted Plaintiff's overdue settlement conference statement to Judge Green on April 20, 2021. Judge Mitchell then entered an order resetting the case for a settlement conference on June 15, 2021. [*See* Doc. No. 55].

Ms. Forrow, counsel for Ms. Forrow, and counsel for BMAG appeared before the Court on April 30, 2021. Counsel for Ms. Forrow acknowledged that Ms. Forrow was aware of Judge Green's Order and did not timely submit a settlement conference statement, in violation of the Order and local rule; however, counsel emphasized that Ms. Forrow had since complied with the Order and that the settlement conference had been

3

reset, making coercive contempt sanctions unnecessary. Counsel further argued that Ms. Forrow's initial noncompliance was not willful and that mitigating facts counseled against holding Ms. Forrow in contempt or imposing anything other than a minimal fine as a sanction. Counsel noted that Ms. Forrow had had no prior experience practicing in federal court or serving as lead counsel. In chambers, counsel also presented protected health information as additional mitigating facts.

In response, counsel for BMAG argued that Ms. Forrow's initial noncompliance with the Order had caused BMAG to incur significant litigation expense. BMAG explained that the parties had agreed an early judicial settlement conference would offer the best chance of resolution. Because Ms. Forrow did not timely comply with the Order, the early conference was stricken and BMAG was required to prepare for several additional depositions and prepare a dispositive motion, filed April 9, 2021. [*See* Doc. No. 53]. BMAG also emphasized that Ms. Forrow did not submit the required settlement conference statement until 50 days after the deadline and argued there was no justification for this significant delay. BMAG submitted that an appropriate sanction would be an award of the expenses BMAG incurred in preparing for the original settlement conference and in attending both contempt hearings.

At the conclusion of the hearing, the Court found that Ms. Forrow would not be held in civil contempt but took the matter of sanctions under advisement. The Court ordered BMAG to submit documentation of expenses it incurred as a result of Ms. Forrow's conduct, and it further ordered counsel for BMAG and counsel for Ms. Forrow to confer about an appropriate sanction. [*See* Doc. No. 58].

On May 14, 2021, BMAG filed a Supplement Regarding Fees [Doc. No. 69], showing that BMAG incurred attorney's fees of $4,529.00 in connection with the originally scheduled settlement conference and the two contempt hearings. This amount includes $1,238.00 for BMAG's settlement conference statement, $111.00 for communications with Judge Green regarding Plaintiff's non-attendance at the settlement conference, $1,144.00 for the first contempt hearing, and $2,036.00 for the second contempt hearing. [*See* Doc. No. 69-1]. BMAG further advised that counsel for BMAG and Ms. Forrow had conferred and that Ms. Forrow had suggested $250 as an appropriate amount of sanctions. BMAG indicated it would not contest a sanction of $250 if the Court found that amount appropriate to deter counsel's conduct, but that it was "not confident" that that amount would impress upon Plaintiff's counsel the seriousness of her conduct. [*See* Doc. No. 69 at 3–4].

Ms. Forrow filed a response to BMAG's supplement, asserting that it would be unjust under the circumstances for the Court to award expenses to BMAG and that $250 was an appropriate sanction given Ms. Forrow's financial ability to pay. Ms. Forrow also argued that only some of BMAG's claimed expenses had a sufficient nexus to Ms. Forrow's noncompliance with the rules. Ms. Forrow's position is that BMAG's allowable expenses are only $455.00, which includes $111.00 for BMAG's communications with Judge Green and $344.00 for lead counsel for BMAG to attend the second contempt hearing. Ms. Forrow argued that BMAG's other expenses relating to the original settlement conference would have been incurred regardless of her conduct and that BMAG was not required to prepare for the contempt hearings or send two attorneys to

5

those hearings. BMAG did not file a reply. No further filings on the sanctions issue have been made by the parties or their counsel while the issue of sanctions has been pending.

## II.     DISCUSSION

### A.     Legal Standard

LCvR16.2(h), which governs judicial settlement conferences, states: "Failure to comply with any provision of this rule or the settlement conference order may result in the imposition of sanctions." Additionally, Federal Rule of Civil Procedure 16(f) provides:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

"The award of fees and expenses for noncompliance with the rules is discretionary, and the amount and impact of a monetary sanction should depend on the seriousness of the violation and where the fault lies, *i.e.,* with counsel or client." *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990). "[I]n the absence of a finding of bad

faith, there must be a sufficient nexus between noncompliance with the rules and the amount of fees and expenses awarded as a sanction." *Id.*

### B. Application

Ms. Forrow failed to obey Judge Green's Order to submit a settlement conference statement on behalf of the Plaintiff by March 1, 2021. There is no dispute Ms. Forrow was aware of the Order and her obligations under it. As a direct result of Ms. Forrow's noncompliance with the Order, the parties' settlement conference was stricken and the Court ordered Ms. Forrow to appear before the Court on April 9, 2021 (and again on April 30, 2021) and show cause why she should not be held in civil contempt.

Ms. Forrow did not comply with the Order until April 20, 2021—50 days after the deadline. Although her delay was lengthy, the Court concludes, based on the presentation of counsel at the hearing, that Ms. Forrow's noncompliance was not in bad faith but was rather the result of her inexperience practicing in federal court combined with professional and personal challenges, including the provided medical information.

The day-to-day challenges of practicing law and balancing family responsibilities and personal wellness may sometimes prevent an attorney from meeting a deadline. But the avenue for seeking relief from a local rule or court order is to request relief from the judge in advance, not ignore the requirement. Although not in bad faith, Ms. Forrow's conduct delayed this proceeding, required a significant use of judicial resources (both of this Court and Judge Green), and deprived other litigants of an opportunity to have their own judicial settlement conference on the date reserved for this case. It also deprived the parties of an opportunity to resolve this litigation before completing all depositions and

preparing dispositive motions (potentially damaging the prospects of settlement) and it caused BMAG to incur expenses directly related to Ms. Forrow's noncompliance.

Under these circumstances, the Court finds that sanctions are warranted under Rule 16(f) and LCvR16.2(h). To gain admission to this Court, Ms. Forrow was required to represent that she was thoroughly familiar with the Court's local rules and the Federal Rules of Civil Procedure. Ms. Forrow's conduct in this case does not support this representation. Accordingly, the Court finds that a just order under Rule 16(f) is to require Ms. Forrow to carefully reread the Federal Rules of Civil Procedure and this Court's Local Civil Rules, as more fully set forth below.

In addition, the Court finds that an award of fees to BMAG is warranted. Because the Court does not find bad faith, there must be a sufficient nexus between Ms. Forrow's noncompliance with the Order and the amount of fees awarded. Judge Green's Order required BMAG to submit a settlement conference statement by March 1; accordingly, the Court finds no basis to award BMAG any fees it incurred in complying with that Order. The Court does, however, find a sufficient nexus between Ms. Forrow's conduct and the fees BMAG incurred for its counsel's communications with Judge Green after Ms. Forrow failed to timely submit her settlement conference statement and counsel's preparation and attendance at the contempt hearings. These fees total $3,291.00. [*See* Doc. No. 69-1].

Although that amount is the maximum the Court may award under Rule 16(f), the Court concludes that an award of this amount would not be reasonable under the circumstances of this action, considering the entire record. Ms. Forrow has proposed a

8

sanction of $250.00, which BMAG has stated it would not contest if the Court found that amount appropriate. Upon consideration, the Court concludes that this amount does not reflect the seriousness of Ms. Forrow's conduct or adequately compensate BMAG. The Court instead finds that a reasonable sanction is $455.00, which is the amount of fees BMAG incurred for counsel's communications with Judge Green and for the attendance of lead counsel, Courtney Warmington, at the two contempt hearings.[1] While the Court did not order BMAG to appear at the contempt hearings, it was reasonable for BMAG to do so to protect its interests and the Court benefited from counsel's presentation.

Finally, because there is no indication in the record that the acts and omissions of Ms. Forrow were the fault of Plaintiff, the Court's imposition of sanctions under Rule 16(f) is against Plaintiff's counsel, Ms. Forrow, not against the Plaintiff herself. However, the Court warns Ms. Forrow and the Plaintiff that failure to follow any court order in the future could result in additional sanctions, including dismissal of Plaintiff's lawsuit without prejudice under Federal Rule of Civil Procedure 41(b).

### III.   CONCLUSION

For the reasons discussed above, under Federal Rule of Civil Procedure 16(f) and LCvR16.2(h), the Court SANCTIONS Rachelle Forrow, Esq., as follows:

---

[1] The first contempt hearing lasted 20 minutes. [*See* Doc. No. 48]. The second contempt hearing lasted 1 hour 16 minutes. [*See* Doc. No. 58]. This time, multiplied by Ms. Warmington's billing rate of $215 per hour, equals $344. That amount, combined with the $111.00 billed for communications with Judge Green, equals $455.00.

(1) In light of Ms. Forrow's failure to comply with this Court's orders and applicable rules, Ms. Forrow is FORMALLY REPRIMANDED;

(2) Ms. Forrow is ORDERED to carefully read both the local civil rules of this Court and the Federal Rules of Civil Procedure and certify in writing that such requirement has been fulfilled by sending an email to the Court's courtroom deputy, Nyssa Vasquez, **within 30 days of this Order, or by August 10, 2023**, absent a timely written motion by Plaintiff's counsel to extend this deadline.

(3) Ms. Forrow is ORDERED to pay $455.00 to Defendant BMAG Management Company, LLC **within 45 days of this Order, or by August 25, 2023**, absent a timely written motion by Plaintiff's counsel to extend this deadline.

IT IS SO ORDERED this 11th day of July 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE